BERTRÁN ET AL., PLAINTIFFS AND APPELLANTS, *v.* CARRASQUILLO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Debt.—Memorandum of Costs.

No. 2427.—Decided June 2, 1921.

ATTORNEY FEES—DISCRETION OF COURT.—If the amount of the attorney's fee is not fixed by statute the court has the discretional power to fix it and is not bound by the opinions of lawyers as to the value of the services.

The facts are stated in the opinion.
*Mr. F. González* for the appellants.

*Messrs. R. López Antongiorgi* and *F. Cervoni Gely* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a controversy over the allowance of attorney fees. In the District Court of Humacao the appellants brought an action against the appellees to recover the sum of nine thousand dollars. The defendants interposed a demurrer which, after being heard, was overruled by the district court. They thereupon answered the complaint. The plaintiffs made a motion to strike which was argued and overruled. The trial of the case took up only one day. After the plaintiffs rested the defendants made a motion for nonsuit which was overruled. The defendants offered no evidence. The court finally gave judgment against the plaintiffs and imposed the costs upon them.

The defendants filed their memorandum which contained only two items, one of five dollars for clerk's fees and the other of one thousand and five hundred dollars for attorney fees.

The plaintiffs objected to the item for attorney fees as excessive. The court approved the item of five dollars for clerk's fees and reduced the item for attorney fees to one thousand dollars.

The plaintiffs appealed to this court and contend in their brief "that the amount allowed by the court is excessive, considering the services rendered by the attorney in answering the complaint and the amount involved in the suit. It is sufficient to examine the pleadings in order to conclude that the services rendered by the attorney for the defendants are not worth the sum allowed by the court and that it abused its discretion in fixing that sum  *  *  * . In this action the defendants presented no evidence and only argued the questions of law already raised in their answer. These questions were not of great importance and did not demand extensive study."

The appellees reply that the contention of the appellants "refutes itself, for it is natural to presume that in allowing the said amount for attorney fees the court took into account the special circumstances of the case and the physical and mental work done."

Corpus Juris summarizes the jurisprudence on this question as follows:

"The amount and items recoverable as attorney's fees must of course depend on the statutes or stipulations of the parties authorizing their allowance. Although there is some authority to the contrary, if a specific amount is prescribed by statute, the court can not allow a greater sum; but if more than the amount prescribed by statute is taxed, the error is cured if the excess is remitted before appeal. If the amount is not prescribed by statute the court has the power, within the limits of judicial discretion, to fix the amount of the attorney's fees; and unless it is shown that the court has abused its discretion the reviewing court will not interfere. In fixing the amount to be awarded, the court is not bound by the opinions of attorneys as to the value of the services, but to a certain degree should exercise its own judgment as to their value, since it has the requisite skill and knowledge to form a reasonably correct idea as to what is a fair and reasonable compensation. It is of course competent for the court to hear evidence in determining what would be just and reasonable; and according to some decisions, it must do so, although it has been held that the trial court need not take testimony as to the reasonableness of an attorney's fee to be taxed as costs, in the absence of an offer of evidence on the subject." 15 C. J. 117–118.

In Porto Rico the amount of attorney fees is not fixed by law, but by the court. Under the heading "Attorney and Client" Corpus Juris says:

"The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered; the labor, time and trouble involved; the nature and importance of the litigation or business in which the services were rendered; the responsibility imposed; the amount of money or the value of the property affected by the controversy, or involved in .

the employment; the skill and experience called for in the performance of the services; the professional character and standing of the attorney; the results secured; and whether or not the fee is absolute or contingent, it being a recognized rule that an attorney may properly charge a much larger fee when it is to be contingent than when it is not. The financial ability of defendant may also be considered by the jury, not to enhance the amount above a reasonable compensation, but to determine whether or not he is able to pay a fair and just compensation for the services rendered, or as an incident in ascertaining the importance and gravity of the interests involved in the litigation. But what is a reasonable fee must in a large measure depend upon the facts of each particular case, and be determined like any other fact in issue in a judicial proceeding. While opinions are receivable and entitled to due weight, the courts are also well qualified to form an independent judgment on such questions, and it is their duty to do so." 6 C. J. 750–752.

Applying these principles to this particular case, we are of the opinion that the appellants are right. The attorney for the defendants prepared only three papers, namely: The demurrer, the answer and the motion for nonsuit. And only on three days was it necessary for him to appear before the court, *i. e.*, at the hearing on the demurrer; at the hearing on the motion to strike, and at the trial. The pleadings do not disclose difficult or complicated questions. Undoubtedly the attorney devoted several days to the study of the case and on several occasions was consulted by his client. Also while the case was pending he gave it close attention, but we think that the sum of one thousand dollars for his fee is really excessive. Six hundred dollars seems to us to be sufficient.

By reason of all of the foregoing the order appealed from should be so modified.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.